[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13164
Non-Argument Calendar
_____

Agency No. A206-142750


KELVIN SCOTT RAMIREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 28, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Kelvin Scott Ramirez, a native and citizen of Honduras, petitions for review of an order affirming the denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(b), 1231(b)(3). The Board of Immigration Appeals affirmed the findings of an immigration judge that Ramirez failed to "establish[] a nexus between any past or future harm and an enumerated ground"; that his "fear of returning to Honduras . . . based on general conditions of criminal violence and civil unrest . . . are not cognizable grounds for asylum"; and that he submitted no evidence that "a Honduran official would acquiesce in any torture inflicted upon [Ramirez] by gang members." We deny in part and dismiss in part Ramirez's petition.

Ramirez's challenge to the finding that he is ineligible for asylum fails. To qualify for asylum, Ramirez had to prove that he was unable or unwilling to return to Honduras "on account of . . . [his] membership in a particular social group." 8 U.S.C. § 1101(a)(42)(A). The immigration judge credited Ramirez's testimony about being harassed and abducted by members of a gang to collect extortion payments and to recruit him to join the gang. Ramirez contends that he is part of a social group of victims of crime, but crime victims are not a social group protected by the Act. "Evidence that either is consistent with acts of private violence or the

2

petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1310 (11th Cir. 2013) (brackets omitted) (quoting *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006)). We deny Ramirez's petition to the extent that he challenges the denial of asylum relief.

We lack jurisdiction to review whether Ramirez was entitled to relief under the Convention. Ramirez did not challenge the denial of relief in his appeal to the Board. "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto," even if the Board *sua sponte* addresses the issue. *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We dismiss this part of Ramirez's petition.

**PETITION DENIED IN PART AND DISMISSED IN PART.**